IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 9:21-cv-80779-AMC |
| | ) | |
| v. | ) | |
| | ) | |
| 104 ANDOVER COURT LLC, | ) | |
| RH FUND XX, LLC, | ) | |
| DAVID M. FERRIS, | ) | |
| OCEAN CITY LOFTS CONDOMINIUM | ) | |
| ASSOCIATION, INC., and | ) | |
| PALM BEACH COUNTY TAX | ) | |
| COLLECTOR, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR
SUMMARY JUDGMENT**

Plaintiff United States of America, pursuant to Fed. R. Civ. P. 56, moves for summary

judgment on the issues of whether federal tax liens against Barry W. Chapin attach to the real

property located at 185 Northeast Fourth Avenue, No. 210, Delray Beach, Florida 33444 (the

"Property"), and whether the United States is entitled to enforce those liens by selling the Property.

As set forth more fully below, the IRS tax assessments, as established through IRS Forms

4340, are presumptively correct; and in any event no party to this case has standing to challenge

the liabilities (even if they had grounds to do so, which they do not).  On the dates of the tax

assessments against Mr. Chapin, federal tax liens arose on all property and rights to property

belonging to him, including the Property.  The federal tax liens continue to attach to the Property

despite its subsequent transfer to Defendant 104 Andover Court, LLC, as part of a state-court

foreclosure sale because the United States, a senior lienor with regard to the foreclosing party, was

not a proper party to the foreclosure suit and because there was no waiver of sovereign immunity

1

for a sale free and clear of the federal tax liens.  Accordingly, the United States is entitled to enforce the federal tax liens against the Property in order to satisfy Barry W. Chapin's unpaid tax liabilities by selling the Property.

The sole remaining issue in the case is the issue of the priority of encumbrances on the Property, and thus of the order in which the proceeds of sale are to be distributed.  The holders of all liens on the Property have entered into an amended priority stipulation, which was filed at (Doc. 26), and which resolves the priority issue.  The United States thus requests that the Court enter summary judgment in its favor in the form attached to its motion.

**STANDARD OF REVIEW**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). This standard "mirrors the standard for a directed verdict under [Fed. R. Civ. P. 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.  The Court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

"[The] party seeking summary judgment . . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986).  Once the moving party establishes that there are no genuine issues of material fact, "the nonmoving party must come forward with 'specific facts demonstrating that there is a *genuine issue for trial*'." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.  Summary judgment must be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## ARGUMENT

I.      *The United States' federal tax liens attach to the Property and the United States is entitled to sell the Property.*

A federal tax lien arises when "any person liable to pay any tax neglects or refuses to pay the same after demand."  26 U.S.C. § 6321.  Unless provided otherwise, the lien arises when the taxes are assessed and remains valid until the assessed amount "is satisfied or becomes unenforceable by reason of lapse of time."  26 U.S.C. § 6322.  The amount of a lien includes the assessed amount, as well as "any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto."  26 U.S.C. § 6321.

Once a tax is assessed, the federal tax lien attaches to "all property and rights to property" of the taxpayer.  26 U.S.C. § 6321.  This statutory language "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have."  *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 (1985).  "The transfer of property subsequent to the attachment of the lien does not affect the lien, for it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere."  *United States v. Bess*, 357 U.S. 51, 57 (1958).

An assessment made by the IRS constitutes a "determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes," and such a determination "is entitled to a

legal presumption of correctness." *See United States v. Fior D'Italia, Inc.,* 536 U.S. 238, 242 (2002). *See also United States v. Stein*, 881 F.3d 853, 854-55 (11th Cir. 2018). The Government can establish an assessment with IRS Form 4340, Certificate of Assessments, Payments and Other Specified Matters ("Certificate of Assessments"), which is accepted as presumptive proof of a valid assessment. *See United States v. Chila*, 871 F.2d 1015, 1017-18 (11th Cir.) ("Certificate of Assessments [. . .] provide[s] all the information called for in the statute, i.e., identification of the taxpayer, the character of the liability assessed, the taxable period, and the date and amount of the assessment. . . [and] is presumptive proof of a valid assessment."). *See also United States v. Korman*, 388 Fed. Appx. 914, 915 (11th Cir. 2010). This presumption extends to penalties and interest arising as a result of unpaid taxes, which are statutorily considered "taxes" for the purposes of tax assessment. *See* 26 U.S.C. § 6665(a)(2). Moreover, a Certificate of Assessments is self-authenticating and otherwise admissible under the Federal Rules of Evidence. *See United States v. Dickert*, 635 Fed. Appx. 844, 849-50 (11th Cir. 2016). Here, the United States assessed unpaid income taxes against Barry Chapin for tax year 2014 on November 23, 2015 and for tax year 2015 on November 21, 2016, all based on amounts self-reported by Mr. Chapin on his tax returns.[1] Plaintiff's Exhibit ("P. Ex.") A-B.

---

[1] Even if there were grounds to do so, which there are not because the taxes were assessed based on amounts reported by Mr. Chapin on his tax returns, no party to this case has standing to challenge the underlying tax assessments. *See e.g., Matter of Campbell*, 761 F.2d 1181, 1185 (6th Cir.1985) (holding that the husband of a taxpayer "lacks standing" to challenge the liabilities of his wife); *Myers v. United States*, 647 F.2d 591, 604 (5th Cir.1981) ("[C]ourts have recognized a general rule that such assessments are not open to collateral attack by non-taxpayers."); *United States v. Formige*, 659 F.2d 206, 208 (D.C. Cir.1981) (holding that third party transferee did not have standing to challenge a taxpayer's assessment); *Graham v. United States*, 243 F.2d 919, 922 (9th Cir. 1957) (holding that, in a Government-initiated suit to foreclose property transferred by the taxpayer to a third party, the tax assessments should not "be subject to collateral attack, especially by a third-party, non-delinquent taxpayer").

It is undisputed that Mr. Chapin was the owner of the Property on the dates of the assessments, and federal tax liens thus attached to that property on those dates. It is also undisputed that, on May 25, 2017, the IRS filed a Notice of Federal Tax Lien for Mr. Chapin's federal income tax liabilities for the tax years 2014 and 2015 with the Palm Beach County Clerk. P. Ex. E. As set forth in the Declaration of Elva Trejos, the federal tax liens remain in existence because there are still balances due on Mr. Chapin's tax liabilities. Declaration of Elva Trejos, ¶ 6. As argued in greater detail below, the state-court foreclosure sale of the Property did not disturb the federal tax liens, which continue to encumber the Property. Accordingly, the United States is entitled to sell the Property to satisfy Mr. Chapin's liabilities.

II.      *The State Foreclosure Sale was Made Subject to the Federal Tax Liens.*

The sale of the Property at a state-court foreclosure sale did not strip the federal tax liens from the Property because the state court lacked authority under both Florida law and Federal law to enter a judgment selling the Property free and clear of the federal tax liens. The United States has moved to vacate the state court's Summary Judgment of Foreclosure as to the United States in a related case pending before the Court, *Ocean City Lofts Condo. Ass'n v. United States*, 9:21-cv-81232-AMC (S.D. Fla.) ("*Ocean City*") and has made the arguments below largely verbatim in that motion, the merits of which have not been challenged.[2] However, given that the motion to vacate has not been decided, the United States will reiterate those arguments below.

---

[2] The only response to that motion was made by 104 Andover Court, LLC, which sought to intervene and have the entire judgment vacated, rather than being vacated only as to the United States. The United States' reply in that case explains the argument as to why Andover Court is not entitled to vacatur of the entire judgment. However, regardless of whether Andover Court is entitled to have the sale vacated, the federal tax liens will continue to attach to the Property because the state court lacked jurisdiction to sell the Property free and clear of the federal tax liens, and the United States will be entitled to enforce such liens and sell the Property.

A senior lienor is not a proper party to a foreclosure action in the first instance under Florida law.  The "general rule" is that "persons holding mortgages or liens prior to the mortgage under foreclosure are neither necessary nor proper parties to the action."  *Cone Bros. Constr. Co v. Moore,* 141 Fla. 420, 426 (Fla. 1940).  Instead, a "prior mortgagee may elect for himself the time and manner of enforcing his security.  He cannot be compelled to be a party to a suit by a junior encumbrancer foreclosing his lien." *Id.   See also Garcia v. Stewart*, 906 So.2d 1117, 1120 (Dist. Ct. App. Fla. 4th Dist. 2005) ("The rationale behind the rule is that foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed." (internal quotation marks omitted)).  This rule is also why the Plaintiff did not name the mortgageholder in the suit and why the Property was sold subject to the mortgage.  The United States is in the same position.

. The federal tax liens arose upon assessment of the tax and notice of the liens was properly recorded pursuant to 26 U.S.C. § 6323(f) in 2017.   Under 26 U.S.C. § 6323(h)(1), to qualify as a "security interest" with priority over the government, the secured creditor's lien must be choate, meaning that the "identity of the lienor, the property subject to the lien, and the amount of the lien are established." *United States v. McDermott*, 507 U.S. 447, 449-50 (1993).  To have priority over the federal tax lien, the security interest would have to have been choate prior to the filing of the notice of federal tax lien.  26 U.S.C. § 6323(a).  At the time the notice of federal tax lien was filed in Palm Beach County, however, Ocean City had not even assessed the condo fees which formed the basis of its lien, and would not do so until April 2018 at the earliest.  *Ocean City* (Doc. 1-1*,* p. 28).  The "superlien" to which a condominium association is entitled under Florida law is irrelevant to a determination of its priority vis-à-vis the federal tax lien, which is determined by federal law. *United States v. Bromberg*, Case No 06-80246-CIV, 2007 WL 1201454, *5 (S.D. Fla. Apr. 23,

2007) ((federal tax lien primes later-arising lien for condo fees); *Wellington Condominium Trust v. Pino*, 686 F. Supp. 2d 117, 123 (D. Mass. 2010) (same); *see also In re Haas*, 31 F.3d 1081, 1091 (11th Cir. 1994) ("Treasury Regulations forbid application of a relation back principle to award an unperfected lien priority over the tax lien.").  As the federal tax liens were senior to Ocean City's lien, the United States was not a proper party (much less a necessary party) to the foreclosure suit under state law.

Not only was the United States, as a senior lienor, improperly made a party to the foreclosure suit in the first instance under Florida law, but the State Court also lacked jurisdiction to enter any order selling the property free and clear of the federal tax liens due to the United States' sovereign immunity.  As a sovereign, the United States may not be sued without its consent, and the terms of its consent define the Court's jurisdiction.  *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941).  Waivers of sovereign immunity must be unequivocally expressed and are "strictly construed" in favor of the government.  *See United States v. Idaho*, 508 U.S. 1, 6-7 (1993); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).  Where, by statute, the sovereign consents to be sued, the suit may be maintained if brought in compliance with the exact terms of the statute.  *Sherwood*, 312 U.S. at 590.  A party who sues the government bears the burden of demonstrating that jurisdiction exists.  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Section 2410 of Title 28, U.S.C., is the exclusive statutory waiver of sovereign immunity for a sale of property on which the United States holds a tax lien and that statute expressly limits relief where the tax lien is senior.  It provides, in part, that a "sale to satisfy a lien inferior to one of the United States shall be made subject to and without disturbing the lien of the United States, unless the United States consents that the property may be sold free of its lien and the proceeds

divided as the parties may be entitled." 28 U.S.C. § 2410(c).  Because the United States did not

consent to a sale of the Property free and clear of the federal tax liens (either prior to or after the

sale) the federal tax liens were not affected by the sale and continue to encumber the property in

the hands of the subsequent purchaser.  *See United States v. Kelley Grand Market, Inc.*, No. 74-

101-C, 1975 WL 783, \*3 (E.D. Okla. Oct. 22, 1975).

      Nor does the purported entry of default against the United States in the state-court action

change this analysis, because the plaintiff failed to make good service on the United States.  28

U.S.C. § 2410 requires, as a condition of the statutory waiver of sovereign immunity, that the

summons and complaint be delivered to the local United States Attorney and that a copy be sent

by registered or certified mail to the Attorney General in Washington, D.C.  28 U.S.C. § 2410(b).

Ocean City's complaint was not sent to the Attorney General. *Ocean City,* (Doc. 1-1, p. 43). As

service was not made in compliance with the waiver of sovereign immunity, the United States'

sovereign immunity was never waived with regard to the state court action and the state court

never gained jurisdiction over the United States.  The entry of default against the United States

and the judgment (insofar as it purports to determine the priority of Ocean City's liens vis-à-vis

the federal tax liens and/or divest them) are therefore void for lack of jurisdiction and must be

vacated.  *See Matter of Simmons*, 1:15-cv-01097-TWP-TAB, 2016 WL 8223654, \*2-3 (S.D. Ind.

Jan. 22, 2016); *report and recommendation adopted by* 2016 WL 878309 (S.D. Ind. Mar. 8, 2016).

      The fact that the AUSA at one time filed a request for surplus proceeds (that was soon

thereafter withdrawn) does not alter this result.  Unless sovereign immunity is actually raised and

addressed prior to a final judgment, an order that violates it is subject to collateral attack in another

proceeding at any time. See *United States v. U.S. Fid. & Guar. Co*., 309 U.S. 506, 514 (1940)

(allowing collateral attack on bankruptcy court judgment where counterclaim was barred by

sovereign immunity despite the United States Attorney's failure to raise the sovereign immunity

issue); *In re PT-1 Communications, Inc. (U.5. v. Bond)*, 486 B.R. 9, 43-44 (E.D.N.Y.2012)

(reversing bankruptcy court's denial of government's right to offset certain tax liabilities against a

tax refund judgment based on prior final order confirming a Chapter 1l plan to which IRS failed

to object because injunction in the plan violated sovereign immunity), *rev'd on other grounds,

United States v. Bond*, 762 F.3d 255 (2d Cir. 2014).[3]

## CONCLUSION

WHEREFORE, Plaintiff United States of America requests summary judgment in its favor

in the form set forth in the proposed judgment attached to this motion.

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov

---

[3] The court of appeals held that there the entire tax refund suit was brought and tried in the wrong court (the bankruptcy court when it should have been brought in the district court) and therefore vacated the refund judgment without reaching the issue of whether the injunction against a setoff in the earlier proceeding was void.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF filers.  There are no parties that require conventional service.

/s/ Bradley A. Sarnell
BRADLEY A. SARNELL
Trial Attorney
United States Department of Justice, Tax Division